972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Michael WRONKO, Defendant-Appellant.
 No. 91-10264.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1992.
Decided July 23, 1992.
 
 MEMORANDUM*
 Before CHOY, HUG and RYMER, Circuit Judges.
 
 
 1
 Defendant Steven Michael Wronko appeals his conviction on one count of conspiracy to possess with intent to distribute 200 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841 (b(1)(C), and 846 and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We affirm his conviction, vacate his sentence, and remand to the district court for resentencing.
 
 
 2
 This case arises from the same Drug Enforcement Agency (DEA) investigation involved in United States v. Fonseca-Caro, No. 91-10261, in which we are filing a disposition concomitantly herewith. Factual background necessary to resolve Wronko's separate claims is discussed below.
 
 
 3
 A. Probable Cause for the Warrantless Arrest
 
 
 4
 DEA agents arrested Wronko without a warrant on July 19, 1990 after apprehending Juan Pedro Koons-Barbosa and James Frazier at a video store parking lot. The arrest was based on information provided by Frazier, who agreed to cooperate with the agents in exchange for their promise not to prosecute him for his involvement in the drug transaction.
 
 
 5
 When Frazier was arrested, he had in his possession approximately $54,000 in cash, about one-third of the amount necessary to complete the contemplated marijuana sale. Agent Gulotta, apparently in charge of the operation, concluded that Frazier was merely a "courier" and that another individual was involved in the transaction.
 
 
 6
 After the agents offered him immunity on the condition that he name the other individual, Frazier told agents that the remaining money belonged to Wronko and that he could get Wronko to bring it to him. Frazier, who claimed to be Wronko's best friend, described Wronko, where he lived, and the vehicle he would be driving. DEA agents went to the address Frazier gave them to conduct surveillance. Frazier contacted Wronko and stated, "I found what we were looking for, I need the rest of the package. You have to bring it now if you want it."[1] Approximately ten minutes later Wronko left his apartment carrying a backpack or a piece of carry-on luggage and drove away in his truck. A short time later, DEA agents stopped Wronko and placed him under arrest. They searched his truck and found a carry-on bag containing approximately $64,000.
 
 
 7
 The district court's determination of probable cause is reviewed de novo. United States v. Arias, 923 F.2d 1387, 1389 (9th Cir.), cert. denied, 112 S.Ct. 130 (1991). Underlying findings of fact are reviewed for clear error. United States v. Carrillo, 902 F.2d 1405, 1412 (9th Cir.1990). Where law enforcement officials rely on allegations of an informant to support a warrantless arrest, the court looks to the "totality of the circumstances" to determine if probable cause existed. Illinois v. Gates, 462 U.S. 213, 233 (1983). One indicium of an informant's reliability is "corroboration of details of an informant's tip by independent police work." Id. at 241; see United States v. Alvarez, 899 F.2d 833, 837 (9th Cir.1990), cert. denied, 111 S.Ct. 671 (1991).
 
 
 8
 Frazier had no reputation for reliability because he had never served as an informant before. Moreover, Wronko argues that the agents could not rely on Frazier's story because he had lied to them about details of the drug transaction and because his story after his arrest was inconsistent with items he had told them previously. The agents, however, were able to corroborate sufficiently Frazier's story and thus establish probable cause to arrest Wronko. Agents were able to determine that Frazier gave them an accurate description of Wronko, his correct address, and a description of the vehicle he would drive. Agent Gulotta determined that Frazier knew Wronko's telephone number and that whoever answered the telephone recognized Frazier's voice. Agent Gulotta could have concluded from the conversation that Wronko must have known in advance about bringing the rest of the money to Frazier. See Alabama v. White, 110 S.Ct. 2412, 2417 (1990) ("independent corroboration by police of significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller"). The agents also stated that Wronko drove in a manner that suggested that he was in a hurry to get somewhere. See Arias, 923 F.2d at 1390 (suspicious driving may be factor in establishing probable cause). When Wronko left his apartment he carried a bag matching the one agents had confiscated from Frazier when they arrested him. These facts were sufficient to establish probable cause.
 
 B. Vouching for Witnesses
 
 9
 Wronko claims that he was denied a fair trial because the government improperly vouched for the testimony of its witnesses during the trial. The government argues that the defense "opened the door" by attacking the witnesses' credibility during opening argument and cross-examination of the witnesses.
 
 
 10
 This case is controlled by United States v. Monroe, 943 F.2d 1007 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992). In Monroe the court held that "reference to the 'truthful testimony' provisions of a witness's agreement with the government does not constitute vouching if it is made in response to an attack on the witness's credibility because of his plea agreement." Id. at 1013. The government's alleged vouching here consisted of discussing the terms of the plea agreements with Koons-Barbosa and Frazier. This line of questioning during direct examination was in response to the defenses' attack on the witnesses' credibility.[2]
 
 C. Evidence of Prior Bad Acts
 
 11
 Wronko's claim is substantively similar to that raised by Fonseca-Caro, and for the reasons set forth in our disposition in United States v. Fonseca-Caro, No. 91-10261, we reject Wronko's claim.
 
 
 12
 D. Admission of "Drug Ledgers"
 
 
 13
 At trial, the government admitted notes seized from Wronko's vehicle that DEA Agent Gospodarek testified were drug ledgers concerning the drug transaction involved in this case. Wronko claims admission of the notes violated the Confrontation Clause and that the notes were hearsay evidence for which the prosecution did not lay a proper foundation.
 
 
 14
 Agent Gospodarek testified that he made no handwriting comparisons to determine whether Wronko had written the notes. Wronko admitted, however, that he had written the notes, thus providing the appropriate foundation for the admission of the ledgers. It was therefore permissible for the jury to consider the ledgers for the truth of the matter asserted therein. The notes are thus admissible.[3]
 
 E. Admission of Post-Miranda Statements
 
 15
 Wronko argues that the prosecution's cross-examination questions and comments during closing argument concerning his failure to tell agents that the money belonged to Frazier violated his Fifth Amendment right not to have his post-arrest silence used against him. The Supreme Court stated in Doyle v. Ohio, 426 U.S. 610 (1976):
 
 
 16
 Silence in the wake of [Miranda] warnings may be nothing more than the arrestee's exercise of these ... rights.... [W]hile it is true that the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings.
 
 
 17
 Id. at 617-18 (citations omitted). The Court held in Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam), however, that
 
 
 18
 Doyle does not apply to cross-examination that merely inquires into [a defendant's] prior inconsistent statements. Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all.
 
 
 19
 See United States v. Ochoa-Sanchez, 676 F.2d 1283, 1286 (9th Cir.), cert. denied, 459 U.S. 911 (1982). Although Wronko's statement did not directly contradict his trial testimony, the conversation with Gospodarek did give rise to an inference that Wronko owned the money. That inference would rebut his trial testimony, and Anderson thus governs this case.
 
 F. New Evidence During Closing Argument
 
 20
 The legal analysis for this claim is given in the related case, Fonseca-Caro. We address whether the failure to disclose the existence of the items in the carry-on luggage affected the outcome of Wronko's trial. Although Wronko's case is stronger than Fonseca-Caro's, we nonetheless find that the error did not affect the outcome of the trial. United States v. Bagley, 473 U.S. 667 (1985).
 
 
 21
 The government introduced sufficient evidence to convict Wronko without the items referred to during closing argument. Both Koons-Barbosa and Frazier testified that Wronko was involved in previous marijuana transactions and that he was the source of funds for those transactions. The government also elicited the impeachment evidence from Gospodarek that Wronko owned the bag. Moreover, the government introduced the notes that were alleged to be drug ledgers and which tended to prove that Wronko was involved in drug dealing. Finally, agents seized marijuana and paraphernalia used to sell marijuana at Wronko's apartment. This evidence, taken together, thoroughly discredited Wronko's version of the facts, and was sufficient to convict Wronko.
 
 G. Instruction of the Firearms Charge
 
 22
 Wronko claims that the district court's instruction to the jury on count two of the indictment, using and carrying a firearm during and in relation to a drug-trafficking offense, was erroneous because it suggested that the jury need only find a causal connection between the drug offense and the defendant in order to find him guilty of the firearm charge.
 
 
 23
 The judge omitted the word "weapon" from the written jury instruction and used the word "person."[4] Although there was some confusion as to whether there had to be a causal connection between the offense and the firearm or weapon, the written instruction was proper, see United States v. Torres-Medina, 935 F.2d 1047 (9th Cir.1991), and the jury took it into the deliberation room. In such circumstances, the risk of error was substantially lessened. See United States v. Gold, 743 F.2d 800, 822 (11th Cir.1984), cert. denied, 469 U.S. 1217 (1985). Moreover, taken in context of the entire instruction on this charge, the judge's mistake was not plain or manifest error. United States v. Smith, 891 F.2d 703, 708 (9th Cir.1989), amended on other grounds, 906 F.2d 385 (9th Cir.1990), cert denied, 111 S.Ct. 47 (1990).
 
 H. Sentencing Issues
 
 24
 For the reasons stated in Fonseca-Caro, Wronko's sentence also must be vacated and this matter remanded for resentencing. It is therefore unnecessary to reach Wronko's claim of sentence disparity.
 
 
 25
 For the foregoing reasons, the conviction is AFFIRMED and the sentence is VACATED and the case REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is Agent Gulotta's testimony of what she heard Frazier say on the telephone. Wronko testified that Frazier told him that he needed "his bag."
 
 
 [2]
 Wronko's claim that the government prosecutor expressed a personal opinion as to the veracity of the witnesses' testimony also is without merit. The statement he refers to does not amount to an opinion that the witnesses' testimony was truthful. Nor did the government's summary and rejection of Wronko's theory of the defense in closing argument contain implicit vouching
 
 
 [3]
 Wronko argues that United States v. Ordonez, 737 F.2d 793 (9th Cir.1984) bars the admission of the evidence. In Ordonez, however, the government could not introduce the evidence to prove the truth of the matter asserted because the ledgers were hearsay that did not come within any hearsay exception. Importantly, the government could not prove in Ordonez who had written the ledgers, while Wronko admits that he wrote the notes. The ledgers here are not hearsay because they are admissions by a party-opponent. See Fed.R.Evid. 801(d)(2). They are therefore admissible for the truth of the matter asserted therein
 
 
 [4]
 As a part of the jury instruction, the judge erroneously stated:
 You may infer that the defendant carried the firearm in relation to the drug offense if you find that there was ... causal connection between the offense and firearm or person."